Filed 10/10/24  P. v. Lopez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>JOEL GARCIA LOPEZ,<br><br>        Defendant and Appellant. | A169364<br><br>(Alameda County<br>Super. Ct. No.17CR006892B) |

After Joel Garcia Lopez (Garcia) was convicted of first degree murder and other offenses, the convictions were affirmed on appeal, but the matter was remanded for resentencing.  This appeal is from the orders on resentencing.  Garcia's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which she raises no issue and asks this court for an independent review of the record.  Counsel attests that she advised Garcia of his right to file a supplemental brief, but Garcia has not filed one.

Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing and affirm.

## BACKGROUND

The facts underlying Garcia's convictions were related in our unpublished opinion on the appeal. (*People v. Garcia Lopez* (October 26, 2022, A161203).) In brief, Garcia and codefendant Ferrer were convicted of murdering Lorenzo Castrejon in retaliation for Castrejon giving his girlfriend a black eye. On the evening of the murder, the girlfriend heard Ferrer and Garcia talking about beating and robbing Castrejon. After an initial confrontation in a convenience store parking lot, Castrejon suggested they go somewhere without surveillance cameras. Garcia and Ferrer followed Castrejon's car to a dead-end street and, as Castrejon tried to turn his car around, sprayed the car with dozens of bullets, killing Castrejon. Garcia was using an SKS-style rifle, and the codefendant was using a handgun. Castrejon's girlfriend and her friend Patricia F. had been at the convenience store parking lot and had also followed Castrejon, stopping their car at the beginning of the dead end street. Patricia F. testified at trial that Garcia had threatened to kill her if she talked.

After a jury trial, Garcia was convicted of first degree murder (Pen. Code, § 187, subd. (a)[1]) (count 1), with findings that he personally discharged a firearm causing death (§ 12022.53, subd. (d)), personally used a firearm in the commission of a felony (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)); shooting at an occupied motor vehicle (§ 246) (count 2), with the same firearm findings; possession of a firearm by a felon (§ 29800, subd. (a)) (count 5); and one count of dissuading a witness (§ 136.1, subd. (c)(1)) (count 7).[2] He was sentenced on count 1 to an aggregate

---

[1] All further statutory references are to the Penal Code.

[2] The jury found Garcia not guilty of another charge of dissuading a witness (count 8). Counts 3, 4 and 6 pertained to codefendants.

term of 50 years to life, 25 years to life for the first degree murder and a consecutive 25 years to life for the section 12022.53, subdivision (d), enhancement.  Sentences on the remaining counts and enhancements were imposed concurrently or stayed pursuant to section 654.[3]  Garcia received credit for 1,307 actual days of custody.

We affirmed Garcia's convictions but accepted the People's concession that the section 12022.5, subdivision (a) firearm enhancement on count 2 (which had been stayed) had to be stricken because firearm use was an element of the offense.  We remanded for resentencing, noting that the trial court would be required to consider ameliorative sentencing legislation that had taken effect during the pendency of the appeal.

The trial court resentenced Garcia after considering amendments to section 1385 that became effective on January 1, 2022 (Stats. 2021, ch. 721, § 1), subsequent to Garcia's original sentencing.  The court again imposed an aggregate sentence of 50 years to life.  On count 1, the court imposed 25 years to life on the murder conviction and a consecutive 25 years to life on the section 12022.53, subdivision (d) enhancement, and struck the section 12022.5 and section 12022.7 enhancements pursuant to section 1385.  The court imposed five years on count 2 with execution of sentence stayed under section 654 and struck the enhancements on that count; imposed the midterm of three years on count 7, concurrent with count 1; and imposed the

---

[3] The court imposed the upper term of seven years on count 2, stayed under section 654, and stayed sentences on the firearm enhancements for that count.  The court also imposed a concurrent upper term of four years on count 7 and a concurrent middle term of two years on count 5.  The court initially imposed a concurrent eight months, one-third of the middle term, on count 5, then subsequently corrected this sentence nunc pro tunc to a concurrent full middle term of two years.  Sentences on the remaining enhancements were stayed pursuant to section 654.

low term of 16 months on count 5 with execution of sentence stayed under section 654. Garcia filed a timely notice of appeal.

## DISCUSSION

Pursuant to *Wende,* we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

As amended, section 1385 requires the court to dismiss an enhancement "if it is in the furtherance of justice to do so" (§ 1385, subd. (c)(1)) and, in exercising its discretion, to "consider and afford great weight" to defense evidence of any of specified mitigating circumstances (*id.,* subd. (c)(2)). Proof of the presence of one of the mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.,* subd. (c)(2).)

Garcia argued that two of the section 1385 mitigating circumstances supported dismissing the firearm enhancements: subdivision (c)(2)(B), providing for dismissal of all but one enhancement when multiple enhancements are alleged in a single case, and subdivision (c)(2)(C), providing for dismissal of an enhancement that could result in a sentence of over 20 years.[4] The People agreed that the court had discretion to strike the strike the section 12022.53, subdivision (d) enhancement.

---

[4] Garcia's sentencing memorandum, filed on August 16, 2023, mistakenly referred to these two circumstances as subdivision (c)(3)(B) and (c)(3)(C) of section 1385 in accordance with their designation in Senate Bill No. 81. (Stats. 2021, ch. 721, § 1.) A subsequent amendment applicable to sentencings after January 1, 2022, placed the mitigating circumstances in subdivision (c)(2) rather than subdivision (c)(3). (Stats. 2022, ch. 58, § 15.)

The trial court held an initial hearing for arguments from counsel and statements from members of the victim's family, then at a second hearing heard from Garcia and delivered the sentence. The court explained that changes in sentencing law since the original sentencing had altered the manner in which the court was required to exercise its discretion; in particular, section 1385, subdivision (c)(2), now requires the court "to give great weight" to specified mitigating factors in determining whether or not to strike an enhancement.

The court found that none of the section 1385 mitigating circumstances applied. In particular, the court concluded that section 1385, subdivision (c)(2)(C) did not apply because Garcia's sentence for the first degree murder was 25 years to life, and thus it was the murder itself, not the section 12022.53, subdivision (d) enhancement, that caused Garcia's sentence to be over 20 years. As the court noted, this conclusion was supported by our decision in *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 20.

The court then discussed sentencing factors under California Rules of Court, rules 4.421 and 4.423. The court found there were no mitigating circumstances and several aggravating ones: The crime involved great violence, great bodily injury or other acts disclosing a high degree of cruelty, viciousness or callousness, Garcia was armed with or used a weapon in committing the offense, he threatened witnesses, he engaged in violent conduct indicating a serious danger to society and he had a prior conviction for felony domestic violence that resulted in a four-year prison sentence. The court emphasized that the manner in which Garcia participated in the offense was "especially cruel or callous," in that he brought an SKS assault rifle to confront the victim over a misdemeanor domestic violence assault offense, began firing as soon as the car stopped and shot repeatedly at "very

5

short range." Commenting on the "utterly lethal" effect of the weapon Garcia used, the court concluded, "The fact that he used that firearm and the way he did, that he shot it over and over again at very short range reflects how dangerous Mr. Garcia is and continues to be so."

Concluding that none of the section 1385 mitigating factors were present and that, under the Rules of Court, there were "significant" circumstances in aggravation and none in mitigation, the trial court exercised its discretion not to dismiss the section 12022.53, subdivision (d), enhancement on count 1. It did not abuse its discretion in doing so. The court did strike the section 12022.53, subdivision (d), enhancement on count 2, as well as the additional enhancements on both counts 1 and 2.

Our review of the record reveals no arguable issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

_____

STEWART, P. J.


We concur.


_____

RICHMAN, J.


_____

DESAUTELS, J.


*People v. Garcia Lopez* (A169364)